CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 0 6 2005

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID R. HANSEN<br><br>    Plaintiff<br><br>v.<br><br>SYSCO FOOD SERVICES<br>OF VIRGINIA, LLC<br><br>    Defendant | Civil Action No. 5:04CV00018<br><br>**MEMORANDUM OF SETTLEMENT**<br><br>By:    James G. Welsh<br>        U. S. Magistrate Judge |

    On this day, the parties met with United States Magistrate Judge James G. Welsh for conduct of a mediation session as previously scheduled. Following conduct of the mediation session, the parties do hereby announce they have reached a settlement of the case and a compromise of all differences between them. Specifically, the terms of the agreement are as follows:

    1. The defendant agrees to pay and the plaintiff agrees to accept the sum of Fifty-Two Thousand Five Hundred ($52,500.00) Dollars in full and complete settlement of the issues and controversies in this case. It is understood that defendant shall pay this sum within thirty (30) days from the date of execution of the Memorandum of Settlement. The defendant and the plaintiff further agree to additional non-monetary terms that shall be set forth in a separate agreement and executed by all parties.

    2. It is expressly agreed that defendant does not admit any liability or responsibility by virtue of this agreement, and that defendant expressly disavows any wrongdoing or impropriety in its employment relationship with plaintiff.

    3. It is further agreed that this settlement constitutes a full and complete accommodation of all differences, controversies, claims and disputes between the parties existing as of the date of this agreement. It is specifically agreed that both sides have surrendered all causes of action

which may have arisen from the subject matter of this case or which may exist as a result of other conduct of business and/or interactions between the parties. It is further agreed that either party, upon request from an opposing party, shall execute a separate release of claims and/or settlement agreements as may be necessary and appropriate by the requesting party.

4. It is further understood that all parties have agreed that the terms of this settlement shall be maintained in the strictest confidence, to the extent permitted by law. Specifically, it is further agreed that neither party shall communicate to any third party any of the terms and conditions of this agreement, inclusive of the facts underlying the cases, except as may prove necessary for a party to determine its income tax liability and to effect payment of the agreed sum. It is agreed that all owners and officers of the defendant company may be advised as to the terms of the settlement. It is agreed that if any questions arise concerning the outcome of this case, a party may respond that "the case is no longer pending," or "the case has been resolved," and that no further response or information shall be provided. It is specifically agreed that if either party, or participant at the mediation, violates the terms of this confidentiality provision, the court shall impose sanctions upon that party, if the court is satisfied by a preponderance of evidence that a breach has occurred. ~~Finally, it is provided that plaintiff's spouse has agreed to be bound by this confidentiality provision~~.

5. Except as provided above, each side shall bear its own costs in the litigation and mediation of this matter; and

6. Upon execution of this agreement, the parties shall move the court in a separate document to dismiss this case with prejudice and to strike same from the active docket of this court.

DATED:   This 6th day of January, 2005

_____   _____
Plaintiff                          Counsel for Plaintiff

_____   _____
Defendant                          Counsel for Defendant